# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00149-CR

**Gary Arthur Pickens, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-01-0298-S, HONORABLE RAE LEIFESTE, JUDGE PRESIDING**

## O P I N I O N

Gary Arthur Pickens seeks to appeal from a judgment of conviction for assault. Sentence was imposed on January 20, 2003. There was no motion for new trial. The deadline for perfecting appeal was therefore February 19, 2003. *See* Tex. R. App. P. 26.2(a)(1). Notice of appeal was filed on February 20, 2003.

On April 11, 2003, after being notified that his notice of appeal was untimely, Pickens filed motions to amend the notice of appeal and to extend the time for filing the notice of appeal. *See id.* 25.2(f) (amending notice), 26.3 (extension of time). In an affidavit attached to the latter motion, Pickens=s attorney explained that the untimely filing of the notice of appeal was due to his having miscalculated the filing deadline.

Soon after the uniform appellate rules were first adopted, the court of criminal appeals held that A[i]n the absence of a timely, written notice of appeal,@ a court of appeals is Awithout jurisdiction to entertain the appeal.@ *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).  The court repeated this holding in *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993).[1]  Citing *Shute* and *Rodarte* with approval, the court later wrote:

> [A] late notice of appeal may be considered timely so as to invoke a court of appeals= jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time.

*Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (construing Tex. R. App. P. 26.3).[2]

---

[1] ABecause appellant=s notice of appeal came thirty-one days after the day sentence was imposed in open court, it was untimely . . . .  The court of appeals therefore correctly concluded that it lacked jurisdiction over the appeal.@ *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

[2] Interpreting the same rule, the supreme court has held that if the appellant files a written notice of appeal within fifteen days after the deadline for perfecting appeal, Aa motion for extension of time is necessarily implied@ even if it is not filed.  *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  *Verburgt*, of course, applies only in civil cases.

2

Pickens relies on the court of criminal appeals= recent holding in *Bayless v. State*, 91 S.W.3d 801 (Tex. Crim. App. 2002). In that case, the defendant timely filed a notice of appeal, but the notice did not contain one of the recitals then necessary to appeal from a negotiated guilty plea in a felony case. *Id*. at 803; *see* former Tex. R. App. P. 25.2(b)(3) (since amended). After the deadline for perfecting appeal had expired, but before his brief was filed, Bayless filed an amended notice of appeal that complied with rule 25.2(b)(3). *Bayless*, 91 S.W.3d at 803; *see* former Tex. R. App. P. 25.2(d) (since amended and renumbered as rule 25.2(f)) (amended notice of appeal correcting defect or omission in earlier notice may be filed at any time before appellant=s brief is filed). The court of criminal appeals had previously held that rule 25.2(d) could not be used to amend a defect in a timely notice of appeal. *State v. Riewe*, 13 S.W.3d 408, 414 (Tex. Crim. App. 2000); *see also Olivo*, 918 S.W.2d at 524 (holding that former rule 83, predecessor of rule 25.2(d), could not be used to amend defective notice of appeal); *Jones v. State*, 796 S.W.2d 183, 187 (Tex. Crim. App. 1990) (same). In *Bayless*, however, the court disavowed *Riewe*=s discussion of rule 25.2(d) as dicta. 91 S.W.3d at 806 n.8. The court held that Athe Rules are clear; if a defendant files a timely general notice of appeal, amendments to the notice can be made any time prior to the filing of the defendant=s brief.@ *Id*. at 806.

Pickens draws our attention to *Bayless*=s discussion of former code of criminal procedure article 44.08(e), which authorized a court of appeals to permit a late notice of appeal for good cause shown. *See id*. at 805; Act of June 1, 1981, 67th Leg., R.S., ch. 291, ' 127, 1981 Tex. Gen. Laws 761, 815 (Tex. Code Crim. Proc. Ann. art. 44.08(e), since repealed). Article 44.08 was repealed by the court of criminal appeals upon adoption of the rules of appellate procedure. There is no longer a comparable

**3**

appellate rule. Rule 2, authorizing an appellate court to suspend the operation of an appellate rule for good cause, has been held not to authorize the suspension of the time limit for perfecting appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App.1998); *Olivo*, 918 S.W.2d at 523; *see Oldham v. State*, 977 S.W.2d 354, 359 (Tex. Crim. App. 1998) (suspension or enlargement of appellate time limits oversteps contemplated uses of rule 2).

*Bayless* is distinguishable from the cause before us. Bayless=s notice of appeal was timely but defective in that it failed to contain a necessary recital. Pickens=s notice of appeal, on the other hand, was untimely. Late filing is not a defect or omission in the notice of appeal that can be cured by amending the notice pursuant to rule 25.2(f). And because Pickens=s motion for extension of time to file his notice of appeal was not filed within the time prescribed by rule 26.3, it is ineffective. *Olivo*, 918 S.W.2d at 522. We therefore overrule both the motion to amend and the motion for extension of time. Under the circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other than by dismissing it. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

The appeal is dismissed.


Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed

**4**

Filed:   May 1, 2003

Publish