**Robert Eugene WELSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–03–00117–CR.**

Court of Appeals of Texas, Dallas.

June 23, 2003.

————

April E. Smith, Mesquite, for Appellant.

William T. (Bill) Hill, Jr., Dallas, for State.

Before Chief Justice THOMAS and Justices FRANCIS and LANG.

**OPINION**

Opinion by Justice FRANCIS.

Robert Eugene Welsh was convicted in 1995 of aggravated sexual assault of a child. Punishment was assessed at fifteen years confinement and a $1000 fine. On July 15, 2002, appellant filed a pro se motion for DNA testing. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp. 2003). The State filed a challenge to the motion and requested summary dismissal. On October 22, 2002, the trial court signed an order dismissing appellant's motion for DNA testing. Appellant filed a motion for new trial on November 21, 2002 and a notice of appeal on December 26, 2002.

Because appellant's notice of appeal was not filed within the thirty days provided by rule 26.2(a)(1), we sent the parties a letter questioning our jurisdiction over the appeal. We directed the parties to file briefs regarding our jurisdiction, specifically addressing the effectiveness of appellant's motion for new trial to extend the time for filing the notice of appeal. Appellant did not respond. The State filed a letter agreeing that we do not have jurisdiction over the appeal. For the reasons that follow, we conclude we do not have jurisdiction over this appeal.

Rule 26.2(a) provides the time periods for filing the notice of appeal. It states:

(a) *By the Defendant.* The notice of appeal must be filed:

(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

(2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

TEX.R.APP. P. 26.2(a)(1), (2). Rule 26.2(a)(2) does not include "or other appealable order" in providing for the extended period of time in which to file a notice of appeal if a motion for new trial is filed. Therefore, under the plain language of the rule, we conclude that in cases in which a defendant is appealing an order that does not involve imposition or suspension of a sentence, the notice of appeal must be filed within the thirty-day time period provided by rule 26.2(a)(1).

Our conclusion is supported by the language of rule 21 and case law interpreting the rule. Rule 21.1 states *"New trial* means the rehearing of a criminal action after the court has, on the defendant's motion, set aside a finding or verdict of guilt." TEX.R.APP. P. 21.1. "The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX.R.APP. P. 21.4(a). The Texas Court of Criminal Appeals has held that a motion for new trial is not proper in cases in which a defendant is appealing an order deferring adjudication of guilt because there has been no finding of guilt and no sentence has been imposed or suspended. *See Donovan v. State,* 68 S.W.3d 633, 636 (Tex.Crim.App. 2002). This Court has applied *Donovan* to hold that a motion for new trial is not effective to extend the time for filing a notice of appeal in cases in which a defendant is appealing an order deferring adjudication of guilt. *See Murray v. State,* 89 S.W.3d 187, 188 (Tex.App.-Dallas 2002, pet. ref'd); *see also Garcia v. State,* 29 S.W.3d 899, 901 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (per curiam) (motion for new trial a nullity and ineffective to extend time to file notice of appeal from order deferring adjudication of guilt).

As in the case of deferred adjudication, an order disposing of a motion for DNA

testing under chapter 64 of the code of criminal procedure does not involve a finding of guilt or imposition or suspension of a sentence. Therefore, we hold a motion for new trial is a nullity and is ineffective to extend the time for filing a notice of appeal. *Cf. Murray,* 89 S.W.3d at 188; *Garcia,* 29 S.W.3d at 901.

In this case, the trial court signed the order dismissing appellant's motion for DNA testing on October 22, 2002. Appellant's notice of appeal was due within thirty days of the date of that order-November 21, 2002. *See* TEX.R.APP. P. 26.2(a)(1). Appellant's December 26, 2002 notice of appeal was untimely, leaving us without jurisdiction over the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998) (per curiam); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996); *Boyd v. State,* 971 S.W.2d 603, 605–06 (Tex.App.-Dallas 1998, no pet.).

Accordingly, we dismiss the appeal for want of jurisdiction.