NO. 07-03-0541-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 4, 2004

_____

BRUCE D. CARRINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,456; HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Bruce D. Carrington was convicted by a jury of aggravated robbery and punishment was assessed at 30 years confinement. Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction.

Appellant was sentenced in open court on November 10, 2003, and no motion for new trial was filed. Thus, the deadline for filing the notice of appeal was December 10, 2003. Tex. R. App. P. 26.2(a)(1). The 15-day window extended the deadline to file the notice and motion for extension of time to December 25, 2003 (extended to December 29, 2003, due to Christmas holidays).

On December 23, 2003, appellant timely filed in this Court a motion for extension of time in which to file the notice of appeal; however, the notice of appeal was not actually filed with the Lubbock County District Clerk until January 6, 2004, well outside the 15-day extension period. By letter dated January 13, 2004, this Court requested that appellant show cause within ten days why the appeal should not be dismissed for want of jurisdiction. Appellant did not respond.

In a criminal case, when no motion for new trial is filed, the notice of appeal must be filed within 30 days after the date sentence is imposed. Tex. R. App. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.3.

A late notice of appeal may be considered timely so as to invoke our jurisdiction if the notice and a motion for extension of time are filed within 15 days of the deadline and the motion is granted. *See* Pickens v. State, 105 S.W.3d 746, 748 (Tex.App.–Austin 2003, no pet.), citing Olivo v. State, 918 S.W.3d 519, 522 (Tex.Cr.App. 1999). Rule 2 of the

2

Texas Rules of Appellate Procedure, which authorizes this Court to suspend the operation of a rule for good cause, does not permit the suspension of the time limit for perfecting an appeal. Slaton v. State, 981 S.W.3d 208, 209-10 (Tex.Cr.App. 1998). Thus, we cannot create jurisdiction where none exists. *Id.*

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2004); *see also* Ex parte Garcia, 988 S.W.2d 240 (Tex.Cr.App. 1999).

Accordingly, we dismiss this appeal for want of jurisdiction. Our disposition of this matter renders appellant's motion for extension of time in which to file his notice of appeal moot.

Don H. Reavis
Justice

Do not publish.