Opinion issued March 4, 2004












     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01093-CR




JOE HENRY MACK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 674190 




MEMORANDUM OPINION

          Appellant, Joe Henry Mack, challenges the convicting court’s order denying
his motion for post-conviction DNA testing. In four points of error, appellant
contends as follows: (1) appellant received ineffective assistance of counsel relating
to his original conviction; (2) appellant was denied due process when the State
destroyed exculpatory DNA evidence; (3) appellant was denied effective assistance
of appellate counsel; and (4) the trial court erred in denying appellant’s motion for
new trial.
          We affirm.
Background
          On November 18, 1993, appellant pled guilty to felony possession of a
controlled substance without an agreed punishment recommendation and stipulated
that two enhancement allegations were true. Following the completion of a pre-sentence investigation (“PSI”) report, the trial court assessed appellant’s punishment
at 25 years’ confinement in prison on January 27, 1994. 
          Appellant’s notice of appeal was filed in the district clerk’s office on March 3,
1994. The trial court signed an order on March 15, 1994 denying appellant
permission to appeal. As a result, it appears that the district clerk did not assign the
appeal either to this Court or the Fourteenth Court of Appeals. 
          On February 1, 2002, appellant filed a motion for post-conviction DNA testing
of a “glass crack cocaine pipe.” The State filed a response in which it asserted that
the records of the Houston Police Department Crime Laboratory indicated that the
evidence in appellant’s case had been destroyed on August 20, 1997. The State
offered several affidavits in support of this assertion. The convicting court denied
appellant’s request for DNA testing and adopted the State’s proposed findings of fact
and conclusions of law. The convicting court found that no items of evidence were
in the possession of the Harris County District Clerk and that the evidence in
appellant’s case had been destroyed on August 20, 1997. The convicting court also
found that appellant did not show that any evidence still existed in a testable
condition. Therefore, the convicting court concluded that appellant failed to meet his
burden to prove that exculpatory DNA test results would have proven his innocence. 
          Appellant filed a pro se motion for new trial on September 30, 2002. The
convicting court never expressly ruled on the motion. On October 4, 2002,
appellant’s appointed counsel filed a notice of appeal stating that appellant “gives
notice of appeal of the trial court’s refusal to provide him a hearing under Chapter
64” of the Code of Criminal Procedure.
Anders Brief
          Appellant’s appointed counsel has filed a motion to withdraw from appellant’s
representation on appeal, stating his conclusion that a thorough and complete review
of the record has revealed no arguable grounds of error. The brief meets the
requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967),
by presenting a professional evaluation of the record and stating why counsel believes
that there are no arguable grounds of error on appeal. See Gainous v. State, 436
S.W.2d 137, 137-38 (Tex. Crim. App. 1969). 
          Counsel advised appellant of his evaluation and informed him of his right to
file a pro se response. Appellant has filed a pro se response.
Complaints Regarding Original Conviction 
          In his first point of error, appellant contends that his trial counsel rendered
ineffective assistance relating to his guilty plea, which led to his original conviction. 
After filing his appellate brief, appellant also filed his “Supplement Objection to PSI
Report” in which appellant complains that the PSI report contained in the record is
“incorrect, erroneous and misleading.” Appellant requests this Court to “strike” the
PSI report. 
          We do not address the merits of appellant’s first point of error and his
complaints regarding the PSI report because they may be appealed only directly. See
Watson v. State, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref’d) (holding
that appeal from denial of Chapter 64 motion is limited to findings of lower court
under articles 64.03 or 64.04 in non-capital case). The notice of appeal filed by
appellant’s appointed counsel on October 4, 2002, which perfected the instant appeal,
expressly stated that it was to appeal matters relating to appellant’s motion for post-conviction DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon 2003)
(providing that trial court’s findings under article 64.03 are appealable to court of
appeals in non-capital cases). The notice of appeal filed by appellant on March 3,
1994, relating to his original conviction, was not assigned to this Court and is not the
subject of the instant appeal. 
          We hold that we are without jurisdiction in this appeal to consider appellant’s
first point of error and his “Supplement Objection to PSI Report,” which relate to
appellant’s original conviction. See Lopez v. State, 114 S.W.3d 711, 714 (Tex.
App.—Corpus Christi 2003, no pet.) (holding jurisdiction afforded appellate court
under chapter 64 does not extend to collateral attacks on judgment of conviction or
resurrect issues previously challenged on direct appeal). Accordingly, we dismiss
appellant’s first point of error and his “Supplement Objection to PSI Report” for lack
of jurisdiction.
Destruction of Evidence
          In his second issue, appellant contends that he was denied due process by the
State when it destroyed purported exculpatory evidence while appellant’s post-conviction writ of habeas corpus was allegedly pending in the trial court.


 Appellant
alleges that the exculpatory evidence would have proven his innocence. We conclude
that appellant’s constitutional claim is outside the scope of an appeal from the denial
of a request for DNA testing. Watson, 96 S.W.3d at 500 (concluding appellant’s
claim that State’s failure to preserve biological material denied him due process of
law was request for application for writ of habeas corpus). We do not have original
habeas corpus jurisdiction in criminal cases. Dodson v. State, 988 S.W.2d 833, 835
(Tex. App.—San Antonio 1999, no pet.); see also Tex. Gov’t Code Ann. § 22.221
(Vernon Supp. 2004). We hold that we have no jurisdiction over appellant’s second
point of error. See Watson, 96 S.W.3d at 500. 
          Accordingly, we dismiss appellant’s second point of error for lack of
jurisdiction. 
Motion for New Trial
          In his fourth point of error, appellant contends that the convicting court erred
(1) in failing to conduct a hearing on his motion for new trial filed after the trial court
denied his motion for DNA testing and (2) by allowing the motion for new trial to be
overruled by operation of law. 
          A motion for new trial is not proper in cases in which the defendant seeks to
appeal an order denying his request for DNA testing. See Welsh v. State, 108 S.W.3d
921, 922-23 (Tex. App.—Dallas 2003, no pet.) (holding motion for new trial on order
denying motion for DNA testing is nullity and is ineffective to extend time for filing 
notice of appeal because order denying DNA testing does not involve finding of guilt
or imposition or suspension of sentence); see also Donovan v. State, 68 S.W.3d 633,
636 (Tex. Crim. App. 2002) (holding that motion for new trial is not proper in cases
in which defendant is appealing order deferring adjudication of guilt because there
has been no finding of guilt and no sentence has been imposed or suspended); Tex.
R. App. P. 21.1 (providing, “New trial means the rehearing of a criminal action after
the trial court has, on the defendant’s motion, set aside a finding or verdict of guilt.”). 
Accordingly, we conclude that the convicting court did not err with regard to its
treatment of appellant’s motion for new trial. 
          We overrule appellant’s fourth point of error.
Ineffective Assistance of Appellate Counsel
          In his third point of error, appellant contends that his appellate counsel was
ineffective for filing an Anders brief without sufficiently investigating any potential
grounds for error. We disagree. As previously stated, appellate counsel’s brief
complied with the requirements of Anders. As reflected by our disposition of
appellant’s pro se points, this appeal was wholly without merit. In his Anders brief,
appellate counsel noted that appellant’s primary complaint is that the State destroyed
the evidence in his case and that such evidence would have proven his innocence.
Appellate counsel asserts that such complaint is appropriately raised by post-conviction writ of habeas corpus, not in a direct appeal of the trial court’s denial of
DNA testing. As we discussed in conjunction with appellant’s second point of error,
we agree. 
          We overrule appellant’s third point of error.
Conclusion 
          We affirm the convicting court’s order denying appellant’s request for post-conviction DNA testing.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).
 
 
 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).