Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS








EX PARTE: RICHARD DELGADO





§
 
§
 
§
 
§
 
§

§


No. 08-05-00306-CR

Appeal from
41st District Court

of El Paso County, Texas

(TC #78863-41-2)



 

 

 




MEMORANDUM OPINION

            Richard Delgado attempts to appeal from an order denying habeas corpus relief. The State
has filed a motion to dismiss the appeal for lack of jurisdiction. Finding that Appellant did not file
his notice of appeal within thirty days after the entry of the appealable order, we dismiss the appeal
for want of jurisdiction. 
            Delgado filed an application for post-conviction writ of habeas corpus pursuant to Article
11.072 of the Code of Criminal Procedure. The trial court did not hold a hearing but on June 1,
2005, the court signed written findings of fact and conclusions of law granting in part and denying
in part Delgado’s requested relief. Thirty days later, on July 1, 2005, Delgado filed a “motion for new
trial” requesting an evidentiary hearing on his writ allegations. The trial court did not rule on that
request. Delgado filed his notice of appeal on August 29, 2005, eighty-nine days after the trial court
signed the order denying in part the requested habeas relief. 
            A timely notice of appeal is necessary to invoke this Court’s jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Tex.R.App.P. 26.2(a) prescribes the time period in which
notice of appeal must be filed by the defendant in order to perfect appeal in a criminal case:
(a) By the Defendant. The notice of appeal must be filed:
 
(1) within 30 days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order; or
 
(2) within 90 days after the day sentence is imposed or suspended in open
court if the defendant timely files a motion for new trial.

Significantly, Rule 26.2(a)(2) does not include “or other appealable order” in providing for the
extended period of time in which to file notice of appeal if a motion for new trial is filed. Welsh v.
State, 108 S.W.3d 921, 922 (Tex.App.--Dallas 2003, no pet.). Given the plain language of the rule,
we conclude that in cases in which a defendant is appealing an order that does not involve imposition
or suspension of a sentence, the notice of appeal must be filed within the thirty-day time period
provided by Rule 26.2(a)(1). See Welsh, 108 S.W.3d at 922 (holding that post-conviction motion
for DNA testing did not involve imposition of sentence, and thus, motion for new trial filed after
denial of post-conviction motion was nullity that did not extend 30-day limitation for filing notice of
appeal after imposition of sentence); Murray v. State, 89 S.W.3d 187, 188 (Tex.App.--Dallas 2002,
pet. ref’d)(motion for new trial is not effective to extend the time for filing a notice of appeal in cases
in which a defendant is appealing an order deferring adjudication of guilt); Garcia v. State, 29 S.W.3d
899, 901 (Tex.App.--Houston [14th Dist.] 2000, no pet.)(motion for new trial a nullity and ineffective
to extend time to file notice of appeal from order deferring adjudication of guilt); see also Donovan
v. State, 68 S.W.3d 633, 636 (Tex.Crim.App. 2002)(a motion for new trial is not proper in cases in
which a defendant is appealing an order deferring adjudication of guilt because there has been no
finding of guilt and no sentence has been imposed or suspended).
            An order denying habeas corpus relief under Article 11.072 is an appealable order. Tex.Code
Crim.Proc.Ann. art. 11.072, § 8 (Vernon 2005). Such an order does not impose or suspend a
sentence. Therefore, a motion for new trial is ineffective to extend the appellate timetable under Rule
26.2(a)(2) and the appellant’s notice of appeal must be filed within the thirty-day time period specified
in Rule 26.2(a)(1). Because Delgado did not file his notice of appeal until eighty-nine days after the
trial court signed the appealable order, his notice of appeal is untimely and we lack jurisdiction of this
appeal. We grant the State’s motion and dismiss the appeal for lack of jurisdiction.

November 9, 2006                                                       
 
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Publish)