# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00130-CR

**Martin Lopez Gonzales, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT NO. 5595, HONORABLE BEN WOODWARD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On March 3, 2009, Martin Lopez Gonzales filed a Motion to Amend Notice of Appeal in this Court, prompting the creation of this appellate cause. In that motion, Gonzales asserts that the following events had occurred: (1) he was sentenced to twenty years in prison on June 24, 2008; (2) he filed a notice of appeal in the trial court on August 8, 2008; and (3) the trial court denied that notice of appeal as untimely filed on September 8, 2008.[1] Gonzales does not allege that he also filed a motion for new trial or a motion to extend time to file notice of appeal in time to entitle him to an extended period for filing a notice of appeal. *See* Tex. R. App. P. 26.2, 26.3; *see also Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*,

---

[1] In a letter to Gonzales filed with this Court, the trial judge states that, according to trial court records, Gonzales filed a request for the appointment of counsel for appeal that was postmarked August 1, 2008, and filed on August 14, 2008. The trial judge did not mention the filing of a notice of appeal. Quoting language from the trial court's letter denying relief, the trial judge states that Gonzales's request for counsel was denied on September 8, 2008.

105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.). Based on Gonzales's allegations, his notice of appeal was due to be filed 30 days after judgment—July 24, 2008. Neither the original notice of appeal, the request for appointed counsel on appeal, nor the motion to amend notice of appeal was filed by that date.

Because Gonzales did not timely invoke this Court's appellate jurisdiction, we must dismiss this appellate cause. *See Olivo*, 918 S.W.2d at 522. This decision does not affect Gonzales's ability to pursue relief through petitions for writ of habeas corpus at the trial court. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2009).

Dismissed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Dismissed

Filed: November 10, 2009

Do Not Publish

2