Dismissed and Opinion Filed February 5, 2013



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01562-CR

## RICHARD WAYNE HENDERSON, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F00-55020-Q

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

In 2001, Richard Wayne Henderson was convicted of aggravated sexual assault of a child. Pursuant to a plea agreement, punishment was assessed at ten years' imprisonment and a $5,000 fine. In 2009, appellant filed a motion for post-conviction DNA testing. The trial court denied the motion by written order dated March 26, 2010. Appellant's pro se notice of appeal is file-stamped October 26, 2012. The Court now has before it the State's motion to dismiss the appeal for want of jurisdiction, citing the untimeliness of appellant's notice of appeal. We agree we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523. To invoke the court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure. *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. App. 1998) (per curiam).

A notice of appeal from an order denying a motion for post-conviction DNA testing must be filed within thirty days of the date the order is signed. *See Welsh v. State*, 108 S.W.3d 921, 923 (Tex. App.—Dallas 2003, no pet.). A pro se prisoner is deemed to have filed his pleadings at the time they are delivered to prison authorities for forwarding to the court clerk. *Campbell*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010).

To be timely, appellant's notice of appeal was due by Monday, April 26, 2010. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). To obtain the benefit of the mailbox rule, appellant had to deliver his notice of appeal to prison authorities for mailing on or before April 26, 2010. *See* TEX. R. APP. P. 9.2(b); *Campbell*, 320 S.W.3d at 342. The first pro se document filed in the trial court after March 26, 2010 is a document entitled "Objection—Motion for Doctrine of 'Estoppel'— Actual Innocence—Factual Innocence Motion to Vacate, Set Aside, or Correct Sentence— 'Assistance of Counsel' Motion for Judgment of Acquittal." This document was file-stamped February 8, 2011. The letter accompanying the document indicates that appellant sent the original copy of the document to the trial court on or about April 25, 2010. The date below appellant's signature on the letter is "January 31, 2010."[1] This document does not reference the trial court's March 26, 2010 order, let alone seek any relief from that order. The first document in the record that seeks appellate relief is appellant's October 26, 2012 notice of appeal.

Nothing in the record before the Court shows appellant delivered to prison authorities on or before April 26, 2010 a notice of appeal from the trial court's March 26, 2010 order denying

---

[1]. It appears this date was probably supposed to be January 31, 2011 given that appellant references an action he already took on or about April 25, 2010 rather than an action he intended to take on April 25, 2010.

2

his motion for post-conviction DNA testing. Therefore, we conclude we lack jurisdiction over the appeal. We grant the State's January 11, 2013 motion to dismiss the appeal.

We dismiss the appeal for want of jurisdiction

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121562F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Richard Wayne Henderson, Appellant

No. 05-12-01562-CR     V.

The State of Texas, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F00-55020-Q.
Opinion delivered by Justice Moseley, Justices Francis and Lang participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 5th day of February, 2013.

_____

JIM MOSELEY
JUSTICE