

# NUMBER 13-18-00633-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

RAMON AGUILAR JR.,                                        Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Hinojosa
### Memorandum Opinion by Chief Justice Contreras

Appellant Ramon Aguilar Jr., proceeding pro se, attempted to perfect an appeal from a judgment of conviction rendered in cause number CR-1112-16-I in the 398th District Court of Hidalgo County, Texas. Sentence was imposed in this case on November 13, 2017. Appellant filed his notice of appeal on November 14, 2018. We dismiss the appeal for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App.1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). This period is extended to ninety days after sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.). The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* id. R. 26.3. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

On November 15, 2018, the Clerk of this Court notified appellant that it appeared that his appeal was not timely perfected. The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

On December 3, 2018, appellant filed a motion for extension of time to file a response to the Court's defect notice. This Court granted an appellant an extension of time to file his response until January 2, 2018.

On December 28, 2018, appellant filed a second motion for extension of time to file a response to the Court's defect notice seeking an extension of time until March 4, 2018 to file his response. This Court granted appellant's request for an extension, in part, and denied it in part, insofar as we granted appellant an additional thirty days of time to file his response to the defect notice, or until February 1, 2019, but did not grant the entire period of time that appellant had requested.

On January 23, 2019, appellant filed a third motion for extension of time to file a response to the Court's defect notice and to compel the Hidalgo District Clerk to provide appellant with a copy of the appellate record.

Based on the documents on file in this case, appellant's notice of appeal was filed approximately eleven months too late. *See generally* Tex. R. App. P. 26.2(a). We have granted appellant two extensions of time for him to attempt to correct this defect and show that his appeal was timely perfected. Appellant has not corrected the defect or filed a response to this Court's directive. And, appellant's first and second motions for extensions of time to file a response have not shown grounds for continuing the appeal. Based on the foregoing, we deny appellant's motion for a third extension of time to file a response and to compel the Hidalgo County District Clerk to provide him with a copy of the record. We likewise deny appellant's previously-filed motion seeking the appointment of counsel. We note that appellant may be entitled to an out-of-time appeal

by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2017 1st C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). We dismiss this appeal for want of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of February, 2019.