

NUMBER 13-19-00059-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ESTEVAN CISNEROS,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                   **Appellee.**

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

On February 6, 2019, appellant Estevan Cisneros filed a pro se notice of appeal from

cause number CR12000222-B in the 117th District Court of Nueces County, Texas.   In his

notice of appeal, appellant stated that he was sentenced to "6 months ISF" and "2 years [of]

probation" and wanted to "start an appeal as soon as possible."   On February 6, 2019, the

Clerk of this Court notified appellant that it appeared that there was not a final, appealable

judgment in this case and requested correction of this defect if it could be done.   The Clerk notified appellant that the appeal would be dismissed if the defect was not cured.   Appellant has not corrected the defect.   We note that the district clerk has provided us with appellant's September 26, 2016 judgment of conviction for the state jail felony offense of theft.   *See* TEX. PENAL CODE ANN. § 31.03 (West, Westlaw through 2017 1st C.S.).

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.   TEX. R. APP. P. 26.2(a)(1)*; see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App.1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).   This period is extended to ninety days after sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.   TEX. R. APP. P. 26.2(a)(2); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.).

The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 26.3.   Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction.   *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

In Texas, appeals in criminal cases are permitted only when they are specifically authorized by statute.   *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011);

*see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West, Westlaw through 2017 1st C.S.). Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Ex parte Ragston*, 402 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). This Court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also Helms v. State*, No. 02-14-00170-CR, 2014 WL 3778283, at *1 (Tex. App.—Fort Worth July 31, 2014, no pet.) (per curiam mem. op., not designated for publication); *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at *1 (Tex. App.—San Antonio May 25, 2011, pet. ref'd).

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters here. And, to the extent that appellant might be attempting to appeal his September 26, 2016 judgment of conviction, his appeal is untimely. Accordingly, we dismiss the appeal for want of jurisdiction.

DORI CONTRERAS
Chief Contreras

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2019.

3