

# NUMBER 13-19-00123-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

TREVOR D. CUBIT,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

---

### On appeal from the County Court at Law No. 1
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

Appellant Trevor D. Cubit, proceeding pro se, attempted to perfect an appeal from cause number 1-5486 in the County Court at Law No. 1 of Victoria County, Texas.   In that case, appellant was convicted of delinquent conduct—aggravated assault on a public servant—and was committed to the Texas Youth Commission with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice for a period of thirty-

five years. The trial court imposed the sentence in this case on March 16, 2011 and appellant filed his notice of appeal eight years later on March 21, 2019. We dismiss the appeal for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). This period is extended to ninety days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.). The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

On March 21, 2019, the Clerk of this Court notified appellant that it appeared that his appeal was not timely perfected. The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant filed a pro se "brief" addressing the

sufficiency of the evidence regarding whether appellant used or exhibited a deadly weapon and whether appellant's punishment and sentence were grossly disproportionate to the offense. However, appellant's brief fails to address the timeliness of the appeal or otherwise cure the defect.

Based on the documents on file in this case, appellant's notice of appeal was filed more than seven years too late. *See generally* TEX. R. APP. P. 26.2(a). We note that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). We dismiss this appeal for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of June, 2019.

3