

## NUMBER 13-19-00197-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**ERNESTO BENAVIDES JR.,**                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                     **Appellee.**

### On appeal from the 107th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Ernesto Benavides Jr., proceeding pro se, filed a notice of appeal from the judgment rendered against him on October 28, 2013 in cause number 2013-DCR-0654-A in the 107th District Court of Cameron County, Texas. Specifically, appellant filed a "Motion Requesting Out-of-Time Appeal Showing Cause and Prejudice." We dismiss the appeal for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1)*; see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). This period is extended to ninety days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.). The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

On April 30, 2019, the Clerk of this Court notified appellant that it appeared that his appeal was not timely perfected. The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant filed a motion to establish jurisdiction, or in the alternative, for an extension of time to file a response to this Court's defect notice. In sum, appellant contends that his notice of appeal is timely and that we should address his appeal to remedy a lack of due process in this case.

Based on the documents on file in this case, appellant's notice of appeal was filed more than five years too late. *See generally* TEX. R. APP. P. 26.2(a). We note that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). We DISMISS this appeal and all pending motions for want of jurisdiction.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2019.