

## NUMBER 13-19-00219-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

TRINIDAD GEORGE PEREZ,                                            Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Trinidad George Perez, proceeding pro se, filed a notice of appeal from cause number 11-9-26078-A in the 24th District Court of Victoria County, Texas. In his notice of appeal, appellant specified that he was giving notice of an "out of time appeal attacking an illegal conviction." Appellant filed his notice of appeal on May 7, 2019 and

seeks to appeal his January 4, 2012 judgment of conviction for aggravated sexual assault. We dismiss the appeal for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1)*; see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). This period is extended to ninety days after the sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.). The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

On May 7, 2019, the Clerk of this Court notified appellant that it appeared that his appeal was not timely perfected. The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant contends that his appeal was timely because he was appealing a nunc pro tunc order or judgment that was signed by the trial court in

April of 2019. However, the district clerk's office has advised the Court that the trial court did not sign a nunc pro tunc order or judgment in April of 2019.

Based on the documents on file in this case, appellant's notice of appeal was filed more than seven years too late. *See generally* TEX. R. APP. P. 26.2(a). We note that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). We dismiss this appeal and all pending motions for want of jurisdiction.

GREGORY T. PERKES
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of June, 2019.