

## NUMBER 13-18-00578-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**WILLIAM CHARLES WEBB,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

### On appeal from the 54th District Court
### of McLennan County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant William Charles Webb, proceeding pro se, attempted to perfect an

appeal from cause number 2012-675-C2 in the 54th District Court of McLennan County,

Texas.[1]   Appellee, the State of Texas, has filed an amended motion to dismiss this

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals by order of the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 22.220(a) (delineating the jurisdiction of appellate courts); *Id.* § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

appeal on grounds it is untimely. We agree with the State and dismiss the appeal for want of jurisdiction.

According to the clerk's record, appellant was convicted of the second-degree felony offense of arson by judgment signed on June 26, 2013. *See* TEX. PENAL CODE ANN. § 28.02. The Fourth Court of Appeals affirmed appellant's conviction. *See Webb v. State*, No. 04-13-00480-CR, 2014 WL 4230144, at *1 (Tex. App.—San Antonio Aug. 27, 2014, pet. ref'd) (mem. op., not designated for publication).

On February 13, 2018, the trial court appointed counsel for appellant for the purposes of submitting a motion for forensic DNA testing. *See generally* TEX. CODE CRIM. PROC. ANN. art. 64.01. On February 28, 2018, appellant filed a motion for forensic DNA testing pursuant to article 64.01 of the Texas Code of Criminal Procedure seeking to test a "cigarette pack" and a "gasoline can." On April 2, 2018, the trial court signed an order denying appellant's motion. On or about August 21, 2018, appellant filed a pro se motion "reurging" forensic testing and the trial court denied the motion that same day. On September 10, 2018, appellant filed a pro se notice of appeal stating that he "wish[ed] to appeal the order denying [his] Motion for Forensic DNA Testing Pursuant to Article 64.01 [of the Texas Penal Code], which was ruled on August 21, 2018."

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1)*; see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule

2

10.5(b) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 26.3; *id.* R. 10.5(b). A timely filed motion for new trial can only extend the deadline for filing an appeal from the imposition or suspension of a sentence; it cannot extend the deadline for filing an appeal from an otherwise appealable order. *See Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).[2]

Appellant's notice of appeal was due on May 2, 2018 but was not filed until September 10, 2018. Appellant's notice of appeal was not timely. *See* Tex. R. App. P. 26.2(a)(1); *see also Soliz v. State*, No. 04-19-00113-CR, 2019 WL 1779842, at *1 (Tex. App.—San Antonio Apr. 24, 2019, no pet. h.) (mem. op. per curiam, not designated for publication); *Paredes v. State*, No. 14-19-00015-CR, 2019 WL 470447, at *1 (Tex. App.—Houston [14th Dist.] Feb. 7, 2019, no pet.) (mem. op. per curiam, not designated for publication).

The Court, having examined and fully considered the record and the State's amended motion to dismiss, is of the opinion that we lack jurisdiction over this appeal.

---

[2] The Texas Rules of Appellate Procedure provide that defendants may obtain additional time to file their notices of appeal when they have not received notice of the trial court's order on a motion for forensic DNA testing; however, this rule was not effective until November 1, 2018, and further, the record does not support an extension of time on this basis. *See* Tex. R. App. P. 4.6.

3

Accordingly, we grant the State's amended motion to dismiss the appeal and we dismiss

the appeal for want of jurisdiction.

GREGORY T. PERKES<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of June, 2019.