

**NUMBER 13-19-00364-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RONNIE WHITE JR.,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court
of De Witt County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Ronnie White Jr., proceeding pro se, attempted to perfect an appeal from a judgment of conviction rendered in cause number 17-11-12,792 in the 24th District Court of De Witt County, Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). We dismiss the appeal for want of jurisdiction.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when the notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App.1993); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). This period is extended to ninety days after sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.).

The time to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* id. R. 26.3. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Pickens v. State*, 105 S.W.3d 746, 748 (Tex. App.—Austin 2003, no pet.).

The trial court signed and entered appellant's judgment of conviction on May 23, 2018. However, appellant did not file his pro se notice of appeal until July 29, 2019. That same day, the Clerk of this Court notified appellant that it appeared that his appeal was not timely perfected. *See* TEX. R. APP. P. 37.1. The Clerk advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the

2

date of receipt of the Court's notice. Appellant did not correct the defect or file a response to the Court's directive.

Based on the documents on file in this case, appellant's notice of appeal was filed several months too late. *See generally* TEX. R. APP. P. 26.2(a). We note that appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). We dismiss this appeal for want of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 5th
day of September, 2019.