**Ex parte Richard DELGADO.**

**No. 08–05–00306–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 9, 2006.

Discretionary Review Refused
April 25, 2007.

---

James Darrell Lucas, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## MEMORANDUM OPINION

ANN CRAWFORD McCLURE, Justice.

Richard Delgado attempts to appeal from an order denying habeas corpus relief. The State has filed a motion to dismiss the appeal for lack of jurisdiction. Finding that Appellant did not file his notice of appeal within thirty days after the entry of the appealable order, we dismiss the appeal for want of jurisdiction.

Delgado filed an application for post-conviction writ of habeas corpus pursuant to Article 11.072 of the Code of Criminal Procedure. The trial court did not hold a hearing but on June 1, 2005, the court signed written findings of fact and conclusions of law granting in part and denying in part Delgado's requested relief. Thirty days later, on July 1, 2005, Delgado filed a "motion for new trial" requesting an evidentiary hearing on his writ allegations. The trial court did not rule on that request. Delgado filed his notice of appeal on August 29, 2005, eighty-nine days after the trial court signed the order denying in part the requested habeas relief.

▪▪▪ A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim.App.1996). TEX.R.APP. P. 26.2(a) prescribes the time period in which notice of appeal must be filed by the defendant in order to perfect appeal in a criminal case:

(a) By the Defendant. The notice of appeal must be filed:

(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

(2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

Significantly, Rule 26.2(a)(2) does not include "or other appealable order" in providing for the extended period of time in which to file notice of appeal if a motion for new trial is filed. *Welsh v. State,* 108 S.W.3d 921, 922 (Tex.App.-Dallas 2003, no pet.). Given the plain language of the rule, we conclude that in cases in which a defendant is appealing an order that does not involve imposition or suspension of a sentence, the notice of appeal must be filed within the thirty-day time period provided by Rule 26.2(a)(1). *See Welsh,* 108 S.W.3d at 922 (holding that post-conviction motion for DNA testing did not involve imposition of sentence, and thus, motion for new trial filed after denial of post-conviction motion was nullity that did not extend 30–day limitation for filing notice of appeal after imposition of sentence); *Murray v. State,* 89 S.W.3d 187, 188 (Tex.App.-Dallas 2002, pet. ref'd)(motion for new trial is not effective to extend the time for filing a notice of appeal in cases in which a defendant is appealing an order deferring adjudication of guilt); *Garcia v. State,* 29 S.W.3d 899, 901 (Tex.App.-Houston [14th Dist.] 2000, no pet.)(motion for new trial a nullity and ineffective to extend time to file notice of appeal from order deferring adjudication of guilt); *see also Donovan v. State,* 68 S.W.3d 633, 636 (Tex.Crim.App.2002)(a motion for new trial is not proper in cases in which a defendant is appealing an order deferring adjudication of guilt because there has been no finding of guilt and no sentence has been imposed or suspended).

An order denying habeas corpus relief under Article 11.072 is an appealable order. Tex.Code Crim.Proc.Ann. art. 11.072, § 8 (Vernon 2005). Such an order does not impose or suspend a sentence. Therefore, a motion for new trial is ineffective to extend the appellate timetable under Rule 26.2(a)(2) and the appellant's notice of appeal must be filed within the thirty-day time period specified in Rule 26.2(a)(1).

Because Delgado did not file his notice of appeal until eighty-nine days after the trial court signed the appealable order, his notice of appeal is untimely and we lack jurisdiction of this appeal. We grant the State's motion and dismiss the appeal for lack of jurisdiction.