COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
                           
 
  
 EX PARTE: KASSANDRA MEAD 
  
  
  
  
  
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  '
 
  
 
 
  
  
                   No. 08-12-00023-CR
  
 Appeal from the
  
 394th
 Judicial District Court
  
 of
 Brewster County, Texas 
  
 (TC#
 2011-10-B0192-CV) 
  
 
 


 

MEMORANDUM  OPINION

 

This matter is
before the Court on our own motion to determine whether it should be
dismissed.  Because the notice of appeal
was not timely filed, we lack jurisdiction. 
Accordingly, the appeal will be dismissed.

Procedural Background

Appellant,
Kassandra Mead, is proceeding pro se on appeal, as she did in the trial
court.  On January 25, 2012, she filed a
notice of appeal in the trial court, stating that she wishes to appeal an order
that denied habeas corpus relief and that was signed on November 17, 2011.  She mailed this Court a copy of the notice of
appeal, along with copies of an order denying habeas relief and a nunc pro tunc order denying habeas
relief.  Both orders are styled, AKassandra Mead, Applicant v. Sheriff
Ronny Dodson Brewster County, Texas, Respondent.@  The original order reflects that the
proceeding is a civil matter.  It states
that habeas relief was denied because Appellant has an adequate remedy at law,
in that she has a pending suit challenging the courthouse security policy.  This order has a signature date of November
17, 2011, but a filing date of November 16, 2011.  The nunc
pro tunc order was signed on December 15, 2011.  It is virtually identical to the original
order, except that it explains that the filing date on the original order is
incorrect.  The nunc pro tunc order was entered to show that the correct filing
date was November 17, 2011.

Based on the
information provided, the Clerk of this Court assumed that this is a civil
matter and that no motion for new trial was filed.  Accordingly, the Clerk sent Appellant a
letter, notifying her that the appeal may be dismissed for lack of jurisdiction
because the notice of appeal did not appear to be timely.  See Tex.R.App.P.
26.1(a)(providing that, in a civil case, the notice of appeal is due within
thirty days if no motion for new trial is filed).  The Clerk also requested that Appellant
submit the $175 filing fee for civil cases.

This
is a Criminal Case

In her written
response to the Clerk=s
letters, Appellant contends that this is a criminal, rather than a civil,
case.  Among other things, she relies on Gibson
v. State, 921 S.W.2d 747 (Tex.App.--El Paso 1996, writ denied).  In Gibson, an attorney filed an
application for habeas relief pursuant to Article 11 of the Code of Criminal
Procedure.  Id. at 751-52.  He alleged
that the El Paso County Sheriff unlawfully restrained his liberty by requiring
him to pass his belongings through an AX‑ray@ machine and to walk through a
magnetometer, before being permitted to enter the courthouse.  Id. 
We held, AA writ of
habeas corpus pursuant to Article 11 of the Code of Criminal Procedure is a
criminal proceeding.@  Gibson,
921 S.W.2d at 753.

Appellant asserts
that there is no difference between this appeal and the Gibson
appeal.  The trial court=s orders support this assertion because
they state that Appellant is challenging a courthouse security policy.  We therefore agree with Appellant that this
is a criminal proceeding. The Clerk has corrected the case number and has
returned Appellant=s check
for the filing fee.

The
Notice of Appeal Was Untimely

Appellant contends
that her notice of appeal was timely because she filed a timely motion for new
trial.  She has provided us a copy of a
motion for new trial that was fax-filed in the trial court on December 15,
2011.

In criminal cases,
the notice of appeal is due Awithin
30 days after the day sentence is imposed or suspended in open court, or after
the day the trial court enters an appealable order.@  Tex.R.App.P.
26.2(a)(1).  However, the notice of
appeal is due Awithin 90
days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion for new trial.@  Tex.R.App.P.
26.2(a)(2).  We have previously construed
these provisions in the context of a habeas appeal.  We stated:

Significantly, Rule
26.2(a)(2) does not include Aor
other appealable order@
in providing for the extended period of time in which to file notice of appeal
if a motion for new trial is filed. 
Given the plain language of the rule, we conclude that in cases in which
a defendant is appealing an order that does not involve imposition or
suspension of a sentence, the notice of appeal must be filed within the thirty‑day
time period provided by Rule 26.2(a)(1).

 

Ex parte Delgado, 214 S.W.3d
56, 58 (Tex.App.--El Paso 2006, pet. ref=d)[Citation
omitted].

Based on Delgado,
Appellant=s motion
for new trial did not extend the time for filing the notice of appeal.  Under Rule 26.2(a)(1), the time runs from the
date the trial court Aenters@ an appealable order.  The word Aenters@ refers to the date that the order was
signed.  See Ortiz v. State, 299
S.W.3d 930, 933 (Tex.App.--Amarillo 2009, no pet.).

Appellant=s notice of appeal states that she is
appealing an order that was signed, and thus Aentered,@ on November 17, 2011.  Therefore, her notice of appeal was due on
December 19, 2011.  See Tex.R.App.P. 4.1(a)(explaining how to
compute time periods when the last day of the period ends on a weekend or
holiday).  Appellant=s notice of appeal was not filed until
January 25, 2012, and thus was untimely. 
A timely notice of appeal is necessary to invoke this Court=s jurisdiction.  Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App.
1996).  Because Appellant=s notice of appeal was not timely, the
appeal is dismissed for lack of jurisdiction.[1]  Appellant’s motion to suspend Rule 26.2(a)(1)
is denied.

 

 

February 22, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
Should Appellant attempt to argue that the due date should be calculated from
the signing of the nunc pro tunc
order, the notice of appeal would still be untimely.  That order was signed on December 15, 2011,
so the thirty-day period would have expired on January 17, 2012.  Although the notice of appeal was filed
within the fifteen-day window for obtaining an extension of time, Appellant did
not file the requisite motion for extension of time within the fifteen-day
window.  See Tex.R.App.P. 26.3; Olivo, 918
S.W.2d at 522.