COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | |
|---|---|
| § | No. 08- |
| § | |
| § | Appeal from the |
| EX PARTE: KASSANDRA MEAD § | 394th Judicial District Court |
| § | of Brewster County, Texas |
| § | (TC# 2011-10-B0192-CV) |

# MEMORANDUM OPINION

This matter is before the Court on our own motion to determine whether it should be dismissed. Because the notice of appeal was not timely filed, we lack jurisdiction. Accordingly, the appeal will be dismissed.

## *Procedural Background*

Appellant, Kassandra Mead, is proceeding *pro se* on appeal, as she did in the trial court. On January 25, 2012, she filed a notice of appeal in the trial court, stating that she wishes to appeal an order that denied habeas corpus relief and that was signed on November 17, 2011. She mailed this Court a copy of the notice of appeal, along with copies of an order denying habeas relief and a *nunc pro tunc* order denying habeas relief. Both orders are styled, "Kassandra Mead, Applicant v. Sheriff Ronny Dodson Brewster County, Texas, Respondent." The original order reflects that the proceeding is a civil matter. It states that habeas relief was denied because Appellant has an adequate remedy at law, in that she has a pending suit challenging the courthouse security policy.

This order has a signature date of November 17, 2011, but a filing date of November 16, 2011. The *nunc pro tunc* order was signed on December 15, 2011. It is virtually identical to the original order, except that it explains that the filing date on the original order is incorrect. The *nunc pro tunc* order was entered to show that the correct filing date was November 17, 2011.

Based on the information provided, the Clerk of this Court assumed that this is a civil matter and that no motion for new trial was filed. Accordingly, the Clerk sent Appellant a letter, notifying her that the appeal may be dismissed for lack of jurisdiction because the notice of appeal did not appear to be timely. *See* TEX.R.APP.P. 26.1(a)(providing that, in a civil case, the notice of appeal is due within thirty days if no motion for new trial is filed). The Clerk also requested that Appellant submit the $175 filing fee for civil cases.

### *This is a Criminal Case*

In her written response to the Clerk's letters, Appellant contends that this is a criminal, rather than a civil, case. Among other things, she relies on *Gibson v. State*, 921 S.W.2d 747 (Tex.App.--El Paso 1996, writ denied). In *Gibson*, an attorney filed an application for habeas relief pursuant to Article 11 of the Code of Criminal Procedure. *Id*. at 751-52. He alleged that the El Paso County Sheriff unlawfully restrained his liberty by requiring him to pass his belongings through an "X-ray" machine and to walk through a magnetometer, before being permitted to enter the courthouse. *Id.* We held, "A writ of habeas corpus pursuant to Article 11 of the Code of Criminal Procedure is a criminal proceeding." *Gibson*, 921 S.W.2d at 753.

Appellant asserts that there is no difference between this appeal and the *Gibson* appeal. The trial court's orders support this assertion because they state that Appellant is challenging a courthouse security policy. We therefore agree with Appellant that this is a criminal proceeding.

2

The Clerk has corrected the case number and has returned Appellant's check for the filing fee.

*The Notice of Appeal Was Untimely*

Appellant contends that her notice of appeal was timely because she filed a timely motion for new trial. She has provided us a copy of a motion for new trial that was fax-filed in the trial court on December 15, 2011.

In criminal cases, the notice of appeal is due "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order." TEX.R.APP.P. 26.2(a)(1). However, the notice of appeal is due "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." TEX.R.APP.P. 26.2(a)(2). We have previously construed these provisions in the context of a habeas appeal. We stated:

> Significantly, Rule 26.2(a)(2) does not include "or other appealable order" in providing for the extended period of time in which to file notice of appeal if a motion for new trial is filed. Given the plain language of the rule, we conclude that in cases in which a defendant is appealing an order that does not involve imposition or suspension of a sentence, the notice of appeal must be filed within the thirty-day time period provided by Rule 26.2(a)(1).

*Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex.App.--El Paso 2006, pet. ref'd)[Citation omitted].

Based on *Delgado*, Appellant's motion for new trial did not extend the time for filing the notice of appeal. Under Rule 26.2(a)(1), the time runs from the date the trial court "enters" an appealable order. The word "enters" refers to the date that the order was signed. *See Ortiz v. State*, 299 S.W.3d 930, 933 (Tex.App.--Amarillo 2009, no pet.).

Appellant's notice of appeal states that she is appealing an order that was signed, and thus "entered," on November 17, 2011. Therefore, her notice of appeal was due on December 19, 2011. *See* TEX.R.APP.P. 4.1(a)(explaining how to compute time periods when the last day of the

3

period ends on a weekend or holiday).   Appellant's notice of appeal was not filed until January 25, 2012, and thus was untimely.   A timely notice of appeal is necessary to invoke this Court's jurisdiction.   *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).   Because Appellant's notice of appeal was not timely, the appeal is dismissed for lack of jurisdiction.[1]   Appellant's motion to suspend Rule 26.2(a)(1) is denied.

February 22, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

[1] Should Appellant attempt to argue that the due date should be calculated from the signing of the *nunc pro tunc* order, the notice of appeal would still be untimely.   That order was signed on December 15, 2011, so the thirty-day period would have expired on January 17, 2012.   Although the notice of appeal was filed within the fifteen-day window for obtaining an extension of time, Appellant did not file the requisite motion for extension of time within the fifteen-day window. *See* TEX.R.APP.P. 26.3; *Olivo*, 918 S.W.2d at 522.