**Opinion issued February 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00300-CR

————————————

**CHARLES H. FOWLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1326997**

---

## MEMORANDUM OPINION

Appellant, Charles H. Fowler, attempts to appeal from the trial court's order denying the relief requested in his application for writ of habeas corpus. The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the motion and dismiss the appeal.

## Background

On November 10, 2011, appellant filed an application for writ of habeas corpus, claiming that his conviction for the misdemeanor offense of possession of dangerous drugs in cause 1005770 is void. The trial court signed an order denying relief on January 19, 2012. Appellant filed a motion for new trial on February 17, 2012 and a notice of appeal on March 16, 2012.

The State filed a motion to dismiss the appeal on January 3, 2013. In its motion, the State argues that a motion for new trial does not extend the deadline for filing a notice of appeal from an order denying relief in a habeas proceeding and appellant's notice of appeal, filed 57 days after the order was signed, was therefore untimely.

Appellant filed a response on January 10, 2013. In his response, appellant argues that this case is an original proceeding, not a criminal action, and his motion for new trial therefore extended the deadline for filing a notice of appeal to 90 days after the judgment was signed. Appellant alternatively argues that the trial court's order did not become final and appealable until March 16, 2012, when the trial court signed the certification of appellant's right to appeal.

## Analysis

An application for a writ of habeas corpus challenging a conviction in a misdemeanor case is governed by article 11.09 of the Texas Code of Criminal

Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005); *Ex parte Tarango*, 116 S.W.3d 201, 202 (Tex. App.—El Paso 2003, no pet.).  And, while a habeas proceeding in Texas is considered to be separate from the criminal prosecution, "[s]uch proceedings are categorized as 'criminal' for jurisdictional purposes, and the Texas Rules of Civil Procedure do not ordinarily apply."  *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004); *see Aranda v. District Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006); *Tarango*, 116 S.W.3d at 202–03.  Therefore, the time to perfect an appeal from an order in a habeas proceeding is governed by Texas Rule of Appellate Procedure 26.2, not Rule 26.1.  *Compare* TEX. R. APP. P. 26.1 (governing deadline for filing notice of appeal in civil cases), *with* TEX. R. APP. P. 26.2 (governing deadline in criminal cases).

Under Rule 26.2(a)(1), a notice of appeal must be filed within 30 days after sentence is imposed or suspended in open court or after the trial court enters an appealable order.  TEX. R. APP. P. 26.2(a)(1).  The deadline is extended to 90 days after a sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.  TEX. R. APP. P. 26.2(a)(2).  The deadline is not extended, however, when a motion for new trial is filed after the trial court enters an appealable order that does not impose or suspend a sentence.  *See id.*; *Ex parte Roberts*, No. 14-08-00575-CR, 2008 WL 3940738, *1 (Tex. App.—Houston [14th Dist.] Aug. 21, 2008, pet. ref'd) (not designated for publication); *Ex parte*

*Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd); *Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.). Although an order granting or denying relief in a habeas proceeding is an appealable order, it involves neither imposition nor suspension of a sentence. *See Delgado*, 214 S.W.3d at 58; *Tarango*, 116 S.W.3d at 203. Therefore, a motion for new trial filed after a trial court denies habeas corpus relief does not extend the appellate timetable under Rule 26.2(a)(2), and the appellant's notice of appeal remains due within 30 days after the trial court enters the order denying relief. *See* TEX. R. APP. P. 26.2(a)(1), (2); *Delgado*, 214 S.W.3d at 58; *Welsh*, 108 S.W.3d at 923.

Here, the trial court entered an order denying appellant's request for habeas corpus relief on January 19, 2012. Appellant's notice of appeal was therefore due on February 21, 2012.[1] *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant filed his notice of appeal on March 16, 2012—24 days after the deadline. Because appellant's notice of appeal was not timely, we lack jurisdiction over this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *Delgado*, 214 S.W.3d at 58; *Welsh*, 108 S.W.3d at 923.

---

[1] Contrary to appellant's argument, the order denying relief was final and appealable when entered by the trial court, regardless of when the trial court executed a certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), 25.2(d).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).