

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00228-CR

MIKE ANTHONY MIRELES                                          APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1223770D

----------

## MEMORANDUM OPINION[1]

----------

On January 6, 2014, Appellant Mike Anthony Mireles filed an application for writ of habeas corpus seeking relief from an order of deferred adjudication for injury to a child-bodily injury. The trial court denied the application on April 16, 2014. On May 22, 2014, Appellant filed his notice of appeal.

---
[1]See Tex. R. App. P. 47.4.

On June 5, 2014, we notified Appellant of our concern that we lack jurisdiction over this appeal because the notice of appeal was not timely filed.[2] *See* Tex. R. App. P. 26.2(a)(2). We informed Appellant that unless he or any party desiring to continue the appeal filed with this court, on or before June 16, 2014, a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

On June 11, 2014, we received a copy of Texas Military Forces Army National Guard Orders for Appellant's attorney, which we construed as an extension of time to respond to our June 5, 2014 jurisdictional letter. In an order dated August 6, 2014, we ordered the response due on or before September 22, 2014. We also stated that no further extensions would be granted.

On September 23, 2014, Appellant filed a "Motion to Extend Time" in response to our August 6, 2014 order. The motion states, "Appellant's Counsel was out of Texas and the United States at the time that the court below issued its order denying habeas relief. . . . Appellant's Counsel returned to Texas for a

---

[2]We originally construed Appellant's notice of appeal as appealing from the original order of deferred adjudication, which was signed on November 16, 2011. We therefore noted in our June 11, 2014 letter that Appellant's notice of appeal was due December 12, 2011, but was not filed until May 22, 2014. Appellant's notice of appeal from the denial of his application for habeas corpus was due May 16, 2014.

brief period of time, during which he promptly filed the Appeal."[3] Appellant stated that he was seeking an extension "pursuant to Tex. R. App. P. 31.1."

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d at 210.

An order denying habeas corpus relief under article 11.072 is an appealable order that does not impose or suspend a sentence. Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (West Supp. 2014). Therefore, a notice of appeal from such an order must be filed within the thirty-day time period specified in rule 26.2(a)(1). *See* Tex. R. App. P. 26.2(a)(1); *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd). A court of appeals may grant an extension of time to file a notice of appeal if the notice is filed within fifteen days after the last day allowed, but a motion reasonably explaining the need for the extension of time must be filed within the same time period. *Olivo*, 918 S.W.2d at 522. "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction." *Id.* (holding

---

[3]The only military orders that this court has received show that Appellant's counsel was on active duty from June 9, 2014 to September 30, 2014, after Appellant filed his notice of appeal on June 2, 2014.

that the lack of a timely filed motion for extension of time to file notice of appeal "is not a mere procedural irregularity; it is a jurisdictional defect"). Rule 31.1 to which Appellant cites pertains to the filing of the record and setting a submission date; it does not provide a mechanism for extending time to file briefs or a notice of appeal. *See* Tex. R. App. P. 31.1 ("On reasonable explanation, the appellate court may shorten or extend the time to file the record. When the appellate court receives the record, the court will . . . set the time for filing briefs.").

Appellant filed his notice of appeal within the fifteen-day grace period, but he did not file a motion explaining the need for an extension of time until September 23, 2014, 113 days after the trial court entered the order from which he appeals and sixty-eight days beyond the grace period. Because Appellant did not file a timely motion for extension of time to file a notice of appeal, we lack jurisdiction over this appeal. *Olivo*, 918 S.W.2d at 522; *Delgado*, 214 S.W.3d at 58. We therefore deny the motion to extend time and dismiss this appeal for lack of jurisdiction.[4]

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 20, 2014

---

[4]Nothing in this opinion prohibits Appellant from filing another article 11.072 application in the trial court.

4