ACCEPTED
03-15-00105-CR
6096253
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 12:57:28 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00105-CR

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 12:57:28 PM
JEFFREY D. KYLE
Clerk

# JUSTIN MURPHY,
*Appellant,*

# v.

# THE STATE OF TEXAS,
*Appellee.*

Appealed from the County Court-at-Law Number Three
of Travis County, Texas, Trial Cause Number C-1-CR-07-200104

## STATE'S RESPONSE TO THE MOTION TO REHEAR THE COURT'S DISMISSAL OF THE APPEAL FOR WANT OF JURISDICTION

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

This case involves the defendant's interlocutory appeal from a pre-

1

trial writ of habeas corpus. The Third Court dismissed the appeal for want of jurisdiction. Murphy has now responded to the State's motion to dismiss for want of jurisdiction for the first time, by filing a motion for rehearing. The motion asserts that his notice of appeal was timely because the trial court granted a second petition for a writ of habeas corpus and authorized an out-of-time appeal.

Murphy appends an order as an exhibit to his rehearing motion. The document he relies on is not a part of the appellate record; indeed, it has never been filed with the trial-court clerk. Murphy's motion therefore asks: What effect, if any, should the Third Court give to the appended document?

## BACKGROUND

1. In 2007, Murphy was found asleep at the wheel, engine running. He smelled strongly of alcoholic beverages, slurred and mumbled his speech, staggered, and admitted to consuming five vodkas and three shots. CR 7–8. To the ensuing DWI charge he entered a negotiated plea and received eight days in jail and a $500 fine. CR 16–18.

2. In 2011, Murphy was again charged with DWI, enhanced by the 2007 conviction. After his 2011 DWI arrest, Murphy retained attorney Adam Reposa, who, in 2013, filed a petition for a pre-trial writ of habeas corpus challenging the prior DWI conviction on ineffectiveness/involuntariness grounds. CR 21–22. The contention is that trial counsel in the 2007 case was ineffective because she failed to investigate whether Murphy had a sleep disorder.

3. Murphy moved to recuse Judge Lipscombe from hearing the pre-trial habeas matter, on grounds of bias; retired Judge Wisser was appointed instead. CR 38, 43. After two evidentiary hearings, Judge Wisser entered an adverse order and written findings and conclusions on August 28, 2014. CR 46–48. *This order was filed with the clerk the next day.* CR 49. Among other things, the trial court found that the doctrine of laches barred relief because "there was no impediment that prevented the Defendant from filing this writ considerably sooner[.]" CR 48.

4. Five months later, defense counsel filed three more documents.

• On January 23rd, he filed a second petition for a writ of habeas

corpus, alleging that counsel was "unable to obtain a copy of the written findings until after the time to file notice of appeal had expired." CR 49. In support of this motion he appended an affidavit from a legal assistant, dated January 22, 2015, vaguely asserting that the assistant attempted to locate the trial court's file "on several occasions and was informed by the clerks that the file was not able to be located." CR 50.

The appellate record does not show that this second petition was ever presented to the trial court, and the only order associated with it in the clerk's file is unsigned. CR 51.

- On January 27th, counsel filed a motion to reconsider the denial of habeas relief, attacking the trial court's specific witness-credibility findings.

- On January 27th, he also filed a motion for rehearing of the petition for a writ of habeas corpus, which asked for yet another evidentiary hearing so that the motion to reconsider could be "properly address[ed]." CR 54.

On February 9, 2015, the trial court denied the rehearing motion's request for another evidentiary hearing. CR 55. *This order was filed with the court clerk the same day it was entered*. CR 55.

5.     On February 10th, seeking an interlocutory appeal, counsel gave "notice of appeal of the Order Denying Habeas Relief." CR 80. The only order denying habeas relief was the August 2014 order.

4

6.     On March 31st, the Third Court notified the parties that the clerk's record had been filed, and reminded defense counsel that the docketing statement was overdue and must be submitted as soon as possible.

7.     On April 3rd, the State filed a motion to dismiss, on grounds that the Third Court had no jurisdiction to hear the merits of the appeal because the notice of appeal was untimely.

8.     Murphy did not respond to the State's motion.

9.     On June 18th, the Third Court granted the motion and dismissed the appeal for want of jurisdiction.

10.    On July 2nd, Murphy filed a motion asking the Court to "rehear" this disposition and, it would seem, to reinstate the dismissed appeal. The motion asserts that notice of appeal was timely filed in light of a document, which counsel appends, dated January 26, 2015. This signed document is titled "Order on Second Petition for Writ of Habeas Corpus." In it, the trial court (1) finds that Petitioner, through no fault of his own or of his attorney, was denied the opportunity to appeal the August 2014 order, and (2) restarts the clock on filing notice of appeal, from January 26th. The

document does not bear the trial-court clerk's date stamp. CR 51.

11. The Court has asked the State's counsel to respond to Murphy's rehearing motion by July 16th.

## DISCUSSION

**1. The order appended to the rehearing motion as an exhibit is void for at least two reasons.**

**1.1. The second petition for a writ of habeas corpus, on which the order was based, was unauthorized by statute.**

Murphy's second petition for habeas relief was unauthorized. The law allows a second petition for a writ of habeas corpus only in an extremely limited instance: for newly discovered testimony that could not have been produced at the former hearing. The second petition must detail the newly discovered testimony, and must include the witness's affidavit. TEX. CODE CRIM. P. art. 11.59 (West 2015). Because Murphy's second petition sought only to extend the appellate timetable, Judge Wisser had no authority to consider it.

6

**1.2. The trial court had no jurisdiction to enter an order on the second petition.**

Furthermore, because the second petition did not comply with Art. 11.59, Judge Wisser had no authority to grant it. Indeed, his plenary power expired thirty days from the entry of the August 2014 order. TEX. R. APP. P. 26.2(a)(1); *Ex parte Pleasant*, No. 03-11-00629-CR, 2012 Tex. App. LEXIS 2346, at *3 (Tex. App.—Austin March 21, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd)); *Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.); *Fowler v. State*, No. 01-12-00300-CR, 2013 Tex. App. LEXIS 1710, at *2–3 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (mem. op., not designated for publication). The January 26th order appended to Murphy's rehearing motion is therefore void.

**2. Even if the appended order were not void, it cannot be given any legal effect because it has never been made a part of the record.**

Appellate courts must hear and determine a case on the record as filed. They may not consider documents attached to briefs or motions that do not appear in the appellate record. *Samara v. Samara*, 52 S.W.3d 455, 457

7

(Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing *Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.)); *Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ); *see also LaPointe v. State*, 166 S.W.3d 287, 289 n.3 (Tex. App.—Austin 2005, pet. dism'd). And, Murphy could not have asked the clerk to supplement the record under Rule 34.5(c) to include the exhibit he attaches to his rehearing motion, because the document has never been made a part of the trial-court clerk's file.) TEX. CODE CRIM. P. art. 2.21 (West Supp. 2014 (district and county clerk must receive and file all papers); TEX. LOC. GOV'T CODE § 192.006(a) (West 2008) (county clerk is the custodian of county court records in criminal cases).

### CONCLUSION AND PRAYER

This 2011 DWI case has already seen more than its fair share of defense-created delay; Judge Wisser observed as much almost a year ago, when he concluded that Murphy's pre-trial habeas claims were barred by laches. Since then, Murphy has never contended that he was unaware of the August order; only that he tried at some (undisclosed) time to find the

8

court's file. CR 49–50. This cannot excuse an untimely notice of appeal, when being unaware of an appealable order in a criminal case does not excuse an untimely notice of appeal. *Dewalt v. State*, 417 S.W.3d 678, 690 (Tex. App.—Austin 2013, pet. ref'd).

Because nothing properly before the Court shows that notice of appeal was timely, the State asks the Court to overrule the motion for rehearing.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
Assistant Travis County Attorney
State Bar No. 10018000
Post Office Box 1748
Austin, Texas  78767
512/854-9415

ATTORNEYS FOR THE STATE OF TEXAS

**CERTIFICATE OF SERVICE**

I certify that I have sent a complete and legible copy of this State's Motion to Dismiss via electronic transmission, to Mr. Murphy's attorney of record, Mr. Adam Reposa, at lawofficeofadamreposa@gmail.com on or before July 16, 2015.

_____
Giselle Horton

**CERTIFICATE OF COMPLIANCE**

Relying on Corel WordPerfect's word-count function, I certify that this document (counting all of its parts except for the attachment) contains 1,608 words.

_____
Giselle Horton
Assistant Travis County Attorney