**Opinion issued January 12, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00903-CR

_____

## EX PARTE RICHARD LAWRENCE NUGENT, Appellant

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1015171A**

---

## MEMORANDUM OPINION

Appellant, Richard Lawrence Nugent, has filed a "Motion for Out of Time Appeal" regarding his untimely notice of appeal from the trial court's denial of his article 11.072 application for a writ of habeas corpus. We deny the motion and dismiss the appeal.

**Background**

On April 11, 2005, Nugent pleaded guilty to the first-degree felony offense of aggregate theft in an amount in excess of $200,000.00 without an agreed recommendation as to punishment. *See* TEX. PENAL CODE ANN. §§ 31.03 (West Supp. 2016); 31.09 (West 2011). On June 24, 2005, the trial court sentenced Nugent to ten years' confinement but suspended the sentence and placed him on ten years' community supervision. The court further ordered that Nugent pay $248,621.00 and relinquish any interest in certain real property as restitution.

On April 8, 2015, through new counsel, Nugent filed an application for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure claiming ineffective assistance of counsel, involuntariness of his plea, and newly discovered evidence establishing innocence. At the conclusion of the May 31, 2016 hearing on the application, the trial court denied the application in open court. The trial court subsequently issued signed findings of fact and conclusions of law on July 25, 2016.

On November 2, 2016, Nugent's counsel filed a notice of appeal from the denial of his habeas application. Included with the notice of appeal was an undated affidavit of Edwin Dee McWilliams, one of the attorneys who represented Nugent in his habeas application. McWilliams stated in his affidavit that a notice of appeal had not been filed because (1) he mistakenly thought that the notice of appeal was

due thirty days after the findings of fact and conclusions of law were entered rather than thirty days after the court ruled on May 31, 2016 and (2) he was unaware that the trial court signed the findings of fact and conclusions of law on July 25, 2016. The affidavit concluded by stating that "It has always been Mr. Nugent's intent to challenge his conviction and appeal any adverse decision in this case to the furthest extent. Due to a mistaken view of the law, and lack of notice, a notice of appeal has not been filed in this case." On November 18, 2016, Nugent's counsel filed a "Motion for Out of Time Appeal" similarly relying upon McWilliams's affidavit.

**Discussion**

In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of deadline for filing the notice of appeal, appellant files the notice of appeal and a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 26.3.

An order denying habeas corpus relief under article 11.072 that does not impose or suspend a sentence is an appealable order. *See* TEX. CODE CRIM. P. ANN. art. 11.072, § 8 (West 2015). Therefore, a notice of appeal from such an order must

be filed within the thirty-day time period specified in rule 26.2(a)(1). *See* TEX. R. APP. 26.2(a)(1); *Ex Parte Chavez*, No. 13–16–00331–CR, 2016 WL 4040252, at \*1 (Tex. App.—Corpus Christ–Edinburg, July 28, 2016, no pet.) (mem. op., not designated for publication); *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd); *see also Fowler v. State,* No. 01–12–00300–CR, 2013 WL 653276, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (mem. op., not designated for publication); *Mireles v. State*, No. 02–14–00228–CR, 2014 WL 6601964, at \*1 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op., not designated for publication).

Nugent's counsel asserts that the thirty-day deadline for filing a notice of appeal began to run when the trial court denied the habeas application in open court on May 31, 2016. Although the trial court denied the habeas application in open court on May 31, 2016, we note that its written order containing findings of fact and conclusions of law was not issued until July 25, 2016. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 7(A) ("the court shall enter a written order including findings of fact and conclusions of law."); *Ex Parte Martinez*, No. PD–1801–10, 2011 WL 2582199, at \*1 (Tex. Crim. App. June 29, 2011) ("For the purposes of the appellate timetable, a trial court 'enters' an order when it signs the order.") (not designated for publication).

Assuming that the deadline to file a notice of appeal did not run until the later date in which the trial court issued its written order, Nugent's notice of appeal was due by no later than August 24, 2016 (thirty days from July 25, 2016). A motion to extend the deadline was not filed in this case. Accordingly, Nugent's November 2, 2016 notice of appeal, filed one hundred days after the trial court issued its written order on July 25, 2016, was untimely. *See* TEX. R. APP. P. 26.2.

If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Castillo v. State,* 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Nugent acknowledges that his notice of appeal was untimely and requests that we grant an "out of time appeal." But this Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522.

Moreover, Nugent's counsel requests an out of time appeal on the basis that they were unaware of the trial court's July 25, 2016 written order. Although Texas Rule of Appellate Procedure 4.2 and Texas Rule of Civil Procedure 306a(4) allow for additional time to file a notice of appeal when a party does not receive timely notice of a judgment in a civil case, there is no comparable rule extending the time in criminal cases. *See Carrillo v. State*, No. 01–11–00495–CR, 2011 WL 4507218,

at *1 (Tex. App.—Houston [1st Dist.] Sept. 29, 2011) ("Rule 4.2 of the Texas Rules of Appellate Procedure allows for additional time to file a notice of appeal when a party does not receive timely notice of a judgment in a civil case, but there is no comparable rule for criminal cases.") (mem. op., not designated for publication); *Dewalt v. State*, 417 S.W.3d 678, 689–90 (Tex. App.—Austin 2013, pet. ref'd) ("Although [no notice of the appealable order] might excuse an untimely notice of appeal in a civil case, '[n]o comparable rule exists for criminal cases,' and Texas courts have routinely held, as we must do here, that being unaware of an appealable order or judgment does not excuse an untimely notice of appeal."); *Pope v. State*, No. 05–10–01455–CR, 2011 WL 924477, at *2 (Tex. App.—Dallas Mar. 18, 2011, no pet.) (same) (mem. op., not designated for publication).

## Conclusion

Accordingly, we deny the motion for an out of time appeal and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). Any other pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).