

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: GLORIA SANDOVAL | § | No. 08-18-00128-CR |
| | § | Appeal from the |
| | § | 409th District Court of |
| | § | of El Paso County, Texas |
| | § | (TC# 20130D02504) |
| | § | |
| | § | |

## MEMORANDUM OPINION

Gloria Sandoval is attempting to appeal the trial court's denial of her application for writ of habeas corpus. Finding that Appellant did not timely file her notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX.R.APP.P. 26.2(a)(1). The trial court's order denying Appellant's writ application filed pursuant to Article 11.072 is an appealable order. *See* TEX.CODE CRIM.PROC.ANN. art. 11.072, § 8 (West 2015); *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex.App.--El Paso 2006, pet. ref'd).

The trial court signed the order denying the writ application on June 4, 2018. Although Appellant filed a motion for new trial, it did not extend the time for filing the notice of appeal. *See*

*Ex parte Delgado*, 214 S.W.3d at 58 (holding that in appeal from order denying habeas corpus petition, motion for new trial does not extend deadline for filing notice of appeal). Consequently, her notice of appeal was due to be filed no later than July 4, 2018. A court of appeals may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal, **and** files in the appellate court a motion complying with Rule 10.5(b). TEX.R.APP.P. 26.3 (emphasis added). Appellant timely filed an extension motion on July 19, 2018, but she did not file notice of appeal in either this Court or the trial court. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Accordingly, we deny Appellant's motion for extension of time in which to file notice of appeal and dismiss the appeal for lack of jurisdiction.

GINA M. PALAFOX, Justice

August 8, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)