**DISMISSED and Opinion Filed December 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01168-CR

### EX PARTE LARRY JAMES BUDOW

On Appeal from the County Criminal Court No. 9
Dallas County, Texas
Trial Court Cause No. MC18-A1502-K

# MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Myers
Opinion by Justice Myers

Larry James Budow seeks to appeal the trial court's denial of his post-conviction application for writ of habeas corpus in which he sought relief from a misdemeanor conviction. We dismiss the appeal for want of jurisdiction.

In 2016, appellant was convicted of assault and sentenced to ninety days' confinement. Appellant's conviction was affirmed on direct appeal. *See Budow v. State*, No. 05-16-00572-CR, 2017 WL 1549235 (Tex. App.—Dallas Apr. 28, 2017, pet' ref'd) (not designated for publication).

On March 7, 2018, appellant filed an application for writ of habeas corpus under code of criminal procedure article 11.09 alleging several grounds for relief. On May 30, 2018, the trial court issued an order denying relief without considering the merits because he had failed to show he was confined, restrained, or suffering collateral consequences from the conviction. On October 1, 2018, appellant filed a notice of appeal. On October 3, 2018, appellant filed a motion to extend the time to file his notice of appeal. Appellant subsequently filed an October 23, 2018 amended

motion to extend, in which he alleges his notice of appeal was untimely because he is incarcerated and was moved twice during the time period for filing his notice of appeal. He alleges he was unable to bring his legal paperwork with him during the moves, the paperwork did not "catch up with him" for a substantial period of time, he was unable to obtain information about filing an appeal from the prison law library, and his wife suffers from physical and mental disabilities that rendered her unable to assist him during the relevant time period.

On October 8, 2018, the Court issued an order directing the parties to file letter briefs addressing the Court's concerns about its jurisdiction. Both parties have filed jurisdictional briefs and appellant filed a reply to the State's brief.

In his letter brief, appellant contends the Court has jurisdiction under Article 5, Section 6(a) of the state constitution establishing the jurisdiction of the courts of appeal. Appellant contends that his right to due process of law under Article I, Section 13 and right to access to the courts was violated because prison authorities did not assist him in preparing the necessary legal papers and on one occasion, denied him access to the prison law library. He contends that refusing to accept his appeal would violate his right to access to the courts. He alleges he was "not informed of his rights of appeal, the procedures, and time frames." He further alleges he was moved and separated from his legal documents for a period of time. Finally, he contends he suffers from dyslexia and the lack of assistance at the prison law library violates his rights under the Americans With Disabilities Act. In his reply brief, appellant contends that by reviewing his motion to extend the time to file his notice of appeal, the Court has separated out the issue of whether it has jurisdiction from the question of the timeliness of the motion.

The State contends the Court does not have jurisdiction over the appeal because (1) appellant has no statutory right to appeal when the trial court refuses to address his application on

the merits and never issued the writ, and (2) appellant's notice of appeal and motion to extend were untimely. We agree with the State.

As appellant suggests, Article 5, Section 6(a) of the state constitution grants jurisdiction to the courts of appeals. *See* TEX. CONST. Art. 5, §6(a). That jurisdiction, however, must be invoked by a party in accordance with the law. A defendant perfects his appeal of a trial court's habeas order by filing with the trial court clerk, within thirty days after the date of the trial court's written order, a written notice of appeal showing his or her desire to appeal. *See* TEX. R. APP. P. 25.2(b), 26.2(a); *Ex parte Delgado*, 214 S.W.3d 56, 57–58 (Tex. App.—El Paso 2006, pet. ref'd). A timely perfected notice of appeal is a jurisdictional prerequisite for appeal. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely perfected notice of appeal, the Court never acquires jurisdiction over the appeal and it must dismiss the appeal for want of jurisdiction. *Id*.; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

In this case, the trial court entered its order denying relief on May 30, 2018. Thus, appellant's notice of appeal was due on June 29, 2018. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed his notice of appeal on October 1, 2018.

The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, both the notice of appeal and a motion to extend the time to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3. Any motion to extend the time to file the notice of appeal would have been due in this case on or before Monday, July 16, 2018. Thus appellant's October 3, 2018 motion to extend and October 23, 2018 amended motion to extend were untimely.

A court always has jurisdiction to determine whether it has jurisdiction. *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016). Thus, we may exercise jurisdiction for the limited purpose of determining the merits of appellant's motion to extend time to file his notice of appeal.

In this case, because appellant's notice of appeal and motion to extend the time to file the notice of appeal were untimely, we conclude we have no jurisdiction over this appeal. *See* TEX. R. APP. P. 26.2(a)(1); *Castillo*, 369 S.W.3d at 198. Because the Court does not have jurisdiction under the appellate rules, we have no power to act in any manner other than to dismiss the appeal. *See Castillo*, 369 S.W.3d at 198. In the absence of jurisdiction, we may not consider whether appellant's constitutional rights or federal statutory rights may have been violated by prison authorities as he suggests. *See id.*

Moreover, even if appellant's notice of appeal had been timely filed, the trial court denied relief without considering the merits of appellant's writ application. In an 11.09 writ proceeding, when a trial court refuses to entertain the merits of a writ application, there is no right to appeal. *See Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *see also Ex parte Villanueva*, 252 S.W.3d 391, 394–97 (Tex. Crim. App. 2008) (explaining application and scope of *Hargett).*

We deny appellant's motion to extend time to file the notice of appeal.

We dismiss the appeal.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181168F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE LARRY JAMES BUDOW

No. 05-18-01168-CR

On Appeal from the County Criminal Court No. 9, Dallas County, Texas
Trial Court Cause No. MC18-A1502-K.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Fillmore participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 4th day of December, 2018.