

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE: VICTOR REYES. | § | No. 08-19-00050-CR |
| | § | Appeal from the |
| | § | 210th District Court of |
| | § | of El Paso County, Texas |
| | § | (TC# 20060D04136-210-01) |
| | § | |
| | § | |

## **MEMORANDUM OPINION**

Victor Reyes is attempting to appeal the trial court's denial of his application for writ of habeas corpus. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX.R.APP.P. 26.2(a)(1). The trial court's order denying Appellant's writ application filed pursuant to Article 11.072 is an appealable order. *See* TEX.CODE CRIM.PROC.ANN. art. 11.072, § 8; *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex.App.--El Paso 2006, pet. ref'd).

The trial court signed the order denying the writ application on December 18, 2018.

Although Appellant filed a motion for new trial, it did not extend the time for filing the notice of appeal. *See Ex parte Delgado*, 214 S.W.3d at 58 (holding that in appeal from order denying habeas corpus petition, motion for new trial does not extend deadline for filing notice of appeal). Consequently, the notice of appeal was due to be filed no later than January 17, 2019. Although Appellant filed his notice of appeal on February 1, 2019, which is within fifteen days of the filing deadline, he did not file an extension motion. *See* TEX.R.APP.P. 26.3 (a court of appeals may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal, and files in the appellate court a motion complying with Rule 10.5(b)). In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Accordingly, we dismiss the appeal for lack of jurisdiction.

GINA M. PALAFOX, Justice

February 27, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

- 2 -