

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00134-CR

———————————————————

Ex parte Minh Duy Nguyen

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. F-2001-0558-B (WHC4)

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Minh Duy Nguyen attempts to appeal from the trial court's order denying his habeas-corpus application arising from a judgment of conviction ordering community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 7. Because he did not timely file his notice of appeal from the trial court's order, we dismiss the attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

On July 20, 2001, Nguyen pled guilty to the state-jail-felony offense of delivery of a controlled substance, the trial court deferred adjudicating his guilt, and the trial court placed him on community supervision for two years. On December 20, 2018, Nguyen filed a habeas-corpus application and asserted that his trial counsel had affirmatively misled him regarding the immigration consequences of his plea. Had he been aware of those consequences, Nguyen contended he would have not pleaded guilty. The trial court denied the application on March 4, 2019.

The next day, Nguyen filed a second application, raising the same issue. Nguyen's trial counsel filed an affidavit stating that although he could not recall the exact words he used, he would have told Nguyen that, based on his guilty plea, he would be considered guilty of an aggravated felony under immigration law, would be unable to work legally in the United States, and would be deported. The trial court found Nguyen's trial counsel to be credible in its findings and conclusions and denied Nguyen's second application on August 4, 2020. In its order, the trial court also granted Nguyen an out-of-time appeal "of this Court's May 19, 2020 order to the

2

extent that order was denied." Nguyen filed his notice of appeal on September 22, 2020.

Nguyen has the statutory right to appeal the trial court's denial; however, the notice of appeal must be filed within thirty days after the appealable order was entered to invoke this court's jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 8; *Ex parte Gutierrez*, No. 03-17-00644-CR, 2017 WL 5247516, at *2 (Tex. App.—Austin Nov. 7, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd) (mem. op.). Nguyen filed his notice of appeal on September 22, 2020—forty-nine days after the trial court's August 4, 2020 order. Even if the trial court intended to grant Nguyen an out-of-time appeal from the March 4, 2019 denial of Nguyen's first application,[1] the extension placed him at the point when he could give notice of appeal. *See Ex parte Salim*, 595 S.W.3d 844, 854 (Tex. App.—Fort Worth 2020, no pet.) (mem. op.). In other words, the grant was not of an unlimited duration but, rather, allowed Nguyen to appeal as of the date of the extension order—August 4, 2020. Even with the trial court's grant of an out-of-time appeal, Nguyen failed to timely do so.

We notified Nguyen of this jurisdictional issue, but Nguyen has not responded showing grounds to continue the appeal. *See* Tex. R. App. P. 44.3. Thus, we dismiss his appeal for want of jurisdiction.

---

[1]The trial court granted an out-of-time appeal from a May 19, 2020 denial; however, our review of the record shows that no order was entered on that date.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 29, 2020