

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00980-CR

**EX PARTE** Christian W. **PFISTER**

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-20-0273
Honorable Kirsten Legore, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: January 10, 2024

DISMISSED FOR WANT OF JURISDICTION

In September of 2022, appellant Christian W. Pfister filed an application for writ of habeas corpus seeking relief from a judgment ordering community supervision in a misdemeanor case.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. On August 15, 2023, the trial court signed an order denying Pfister's application. On September 13, 2023, Pfister filed a Motion for New Hearing, and on October 23, 2023, he filed a Motion for Reconsideration. On November 6, 2023, he filed a notice of appeal.

---

[1] The trial court placed Pfister on community supervision in 2020 after he pleaded nolo contendere to criminal trespass. On June 30, 2021, we dismissed Pfister's appeal from that judgment under Texas Rule of Appellate Procedure 25.2(d) because the clerk's record in that case contained a certification stating it was "a plea-bargain case and [Pfister] has NO right of appeal." *See Pfister v. State*, No. 04-21-00072-CR, 2021 WL 2669339, at *1 (Tex. App.—San Antonio June 30, 2021, no pet.) (per curiam) (mem. op., not designated for publication); *see also* TEX. R. APP. P. 25.2(d).

In a criminal case where the defendant is the appellant, the notice of appeal must be filed either: (1) "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." TEX. R. APP. P. 26.2(a). "Significantly, Rule 26.2(a)(2) does not include 'or other appealable order' in providing for the extended period of time in which to file notice of appeal if a motion for new trial is filed." *Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.—El Paso 2006, pet. ref'd). When a criminal defendant seeks to challenge an "appealable order" that does not impose or suspend a sentence, the plain language of Rule 26.2(a) requires him to file his notice of appeal within 30 days of the entry of the order. *See id.*; *see also Welsh v. State*, 108 S.W.3d 921, 922 (Tex. App.—Dallas 2003, no pet.); *Ex parte Gutierrez*, No. 03-17-00644-CV, 2017 WL 5247516, at *1–2 (Tex. App.—Austin Nov. 7, 2017, no pet.) (mem. op., not designated for publication); *Ex parte Roberts*, No. 14-08-00575-CR, 2008 WL 3940738, at *1 (Tex. App.—Houston [14th Dist.] Aug. 21, 2008, pet. ref'd) (per curiam) (mem. op., not designated for publication).

The trial court's order denying Pfister's application for writ of habeas corpus was an appealable order. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8. However, it did not impose or suspend a sentence. *See Delgado*, 214 S.W.3d at 58; TEX. R. APP. P. 26.2(a)(2). Because the trial court entered the appealable order on August 15, 2023, Pfister's notice of appeal was due by September 14, 2023. TEX. R. APP. P. 26.2(a)(1); *Delgado*, 214 S.W.3d at 57–58 (dismissing appeal from order denying habeas relief because notice of appeal was not filed "within thirty days after the entry of the appealable order"). A motion for extension of time to file the notice of appeal was due by September 29, 2023. TEX. R. APP. P. 26.3.

A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Pfister's November 6, 2023 notice

of appeal appeared to be untimely and he did not timely file a motion for extension of time, we ordered him to show cause in writing by December 18, 2023 why this appeal should not be dismissed for want of jurisdiction.

On December 18, 2023, Pfister filed the response required by our order. In his response, he argues that Texas Rule of Appellate Procedure 26.2 does not apply to this appeal because "[a] writ of habeas corpus is a civil proceeding, not a criminal proceeding." He contends his notice of appeal deadline should therefore be computed under Texas Rule of Appellate Procedure 26.1, which provides that in a civil case, "[t]he notice of appeal must be filed within 90 days after the judgment is signed if any party timely files" one of several post-judgment motions, including a motion for new trial. TEX. R. APP. P. 26.1. He also cites to Texas Rule of Civil Procedure 306c, which addresses the effect of prematurely filed post-judgment motions in civil cases. TEX. R. CIV. P. 306c.[2]

The Texas Court of Criminal Appeals has held that "[habeas corpus] proceedings are categorized as 'criminal' for jurisdictional purposes, and the Texas Rules of Civil Procedure do not ordinarily apply." *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004). "[W]hen a person is confined for violating a criminal statute and files an application for a writ of habeas corpus challenging his confinement, the proceeding is criminal, not civil, in nature." *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006). Accordingly, we reject Pfister's contention that this appeal is governed by the deadlines applicable to civil appeals. *Compare* TEX. R. APP. P. 26.2(a)(1), *with* TEX. R. APP. P. 26.1; *see also Delgado*, 214 S.W.3d at 57–58.

---

[2] Pfister appears to contend that his notice of appeal would have been premature if he filed it before the trial court ruled on his motion for new trial and his request for findings of fact and conclusions of law. This proposition is not supported by either Pfister's cited authority or the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2(a), 27.1(b).

Pfister also presents arguments about purported procedural defects in his 2020 conviction, his 2021 appeal from that conviction, and the habeas proceedings in the trial court. These arguments do not cite any authority to support a conclusion that the notice of appeal in this case was timely filed. *See Olivo*, 918 S.W.2d at 522.

The record shows that Pfister did not file a timely notice of appeal or a timely request for extension of time to file a notice of appeal from the trial court's August 15, 2023 order denying habeas relief. TEX. R. APP. P. 26.2(a)(1), 26.3; *Delgado*, 214 S.W.3d at 57–58. Accordingly, we have no choice but to dismiss this appeal for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Delgado*, 214 S.W.3d at 57–58.

PER CURIAM

DO NOT PUBLISH